UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HUDSON HIGHLANDS VETERINARY MED.
GROUP, P.C.,

                Plaintiff

      -against-                          05 Civ. 06661 (CM)

VETERINARY EQUIP. & TECH. SUPPLY, LLC,
RONALD F. SASSETTI, and FIRST UNION
COMMERCIAL CORP., n/k/a WACHOVIA BANK,

                Defendants.
------------------------------------------------------------------x

**DECISION AND ORDER GRANTING DEFENDANT FIRST UNION COMMERCIAL CORP., n/k/a WACHOVIA BANK'S MOTION TO DISMISS**

McMahon, J:

On January 31, 2003, plaintiff entered into an agreement with Defendant Veterinary Equipment & Technology Supply ("VET") for the purchase of two anesthesia machines, an autoclave, and a refurbished FE SFX or RFX Rad/Fluoro System ("Fluoro System"). Complaint ("Cplt.") ¶ 5. On May 28, 2003, plaintiff entered into a Small Business Lease with Defendant First Union Commercial Corporation n/k/a Wachovia Bank ("Wachovia") to pay for the equipment, which totaled $125,270.00. Cplt. ¶¶ 5, 7. Wachovia subsequently paid $51,807.00 to plaintiff, and the remaining $73,463.00 directly to VETS. Cplt. ¶ 8. Despite having been fully compensated for the equipment, VETS failed to deliver the Fluoro System to plaintiff. Cplt. ¶ 13.

Plaintiff brought this action for damages against VET and Ronald F. Sassetti, President and sole owner of VET, for breach of contract and fraudulent misrepresentation, and against Wachovia for breach of contract. Wachovia moved to dismiss pursuant to Rule 12(b)(1), (3), (6)

and/or (7) for lack of subject matter jurisdiction, and on the grounds of documentary evidence and/or failure to state a claim.[1] Wachovia's motion to dismiss for lack of subject matter jurisdiction is denied. However, its motion to dismiss for failure to state a claim is granted.

**Subject Matter Jurisdiction**

The Master Lease Agreement ("Lease") executed between plaintiff and Wachovia, which is attached to the Complaint as Exhibit B, includes a forum selection clause which reads:

> 21. CHOICE OF LAW. This Agreement and all Leases were made in the Commonwealth of Pennsylvania . . . You consent to and agree that personal jurisdiction over You and subject matter jurisdiction of the Equipment shall be with the Courts of the Commonwealth of Pennsylvania or the Federal District for the Eastern District of Pennsylvania solely at our option with respect to any portion of this Agreement or any Lease. You also waive your right to a trial by jury.

As a general rule, a forum selection clause specifying a particular jurisdiction will not be enforced in the absence of language indicating the parties' intent to make jurisdiction exclusive. See John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc., 22 F.3d 51 (2d Cir. 1994) (citing Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989). The provision at issue, while extending jurisdiction to the Pennsylvania courts, does not preclude jurisdiction in other fora. Specifically, "[a]lthough the word 'shall' is a mandatory term, here it mandates nothing more than that the [federal and state courts in Pennsylvania] have jurisdiction." Boutari, 22 F.3d at 52 (quoting Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987)).

---

[1] The Court notes that, while documentary evidence constitutes a ground for dismissal under New York state law pursuant to CPLR 3211(a)(1), it is not recognized as a ground for dismissal under federal law.

Because the forum selection clause agreed to by plaintiff and Wachovia is merely permissive, rather than mandatory or exclusive, Wachovia's motion to dismiss on the ground of subject matter jurisdiction is DENIED.

**Failure to State a Claim**

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999). The test is not whether the plaintiff ultimately is likely to prevail, but whether he is entitled to offer evidence to support his claims. Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiff's favor. EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir.2000). "In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint *or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.*" Kramer v. Time Warner, Inc. 937 F.2d 767, 773 (2d Cir. 1991) (emphasis added).

The Complaint and documentary evidence annexed thereto simply fail to state a claim for breach of contract against Wachovia. To the contrary, the Complaint expressly acknowledges that Wachovia paid plaintiff and/or VETS the entire sum of $125,270.00, thus satisfying its obligations under the Lease. Plaintiff has not asserted, nor has the Court found, that Wachovia owed plaintiff any additional duty. In fact, according to the lease documents, plaintiff was to look to VET, the vendor, rather than Wachovia, for delivery of the veterinary equipment. See

Moreover, the Lease Commencement Addendum highlights the fact that the Fluoro Systems equipment had "<u>not</u> been delivered" as of the Lease execution. Nonetheless, plaintiff unambiguously agreed that "the Lease shall commence on the Commencement Date even though the Equipment has not been delivered." Plaintiff further agreed that "the Lease shall remain in effect for the term of the Lease despite the occurrence of any of the following events: a) Delay in the delivery of the Equipment tot he Lessee . . . f) Any other problem or objection relating to the Equipment." <u>See</u> Cplt. Ex. B.

Because Wachovia clearly fulfilled its obligation under the Lease to purchase the equipment at issue from VET and lease the same to plaintiff, plaintiff is unable to state a claim against Wachovia for breach of contract. Accordingly, Wachovia's motion to dismiss for failure to state a claim is GRANTED.

**Conclusion**

For the foregoing reasons Defendant Wachovia's motion to dismiss per Rule 12(b)(1), (3) and/or (7) is DENIED, and Defendant Wachovia's motion to dismiss per Rule 12(b)(6) is GRANTED.

This constitutes the decision and order of the Court.

Dated: September 30, 2005

_____
U.S.D.J.

4